Per Curiam
: This case is now submitted to the court after oral argument by counsel on motions for summary judgment by defendant and plaintiffs with respect to the claim set forth in paragraph 11 of the petition which reads as follows:
“The defendant wrongfully and unlawfully appropriated, used and expended several hundred thousand dollars of plaintiff’s funds to pay the expenses of survey, classification, appraisal and opening of the reservation lands pursuant to the Act of April 23, 1904 and amendments thereto, the exact amount of which is unknown to plaintiff and will be disclosed by the accounting herein prayed for. Plaintiff is entitled to judgment for damages against defendant for said amount.”
Upon consideration of the oral argument of counsel and the briefs of the parties it appears that plaintiffs conveyed their lands to defendant pursuant to the Treaty of Hell Gate of July 16, 1855 (12 Stat. 975, 2 Kapp. 722), under a provision that the tract be surveyed and marked out for the exclusive use and benefit of said confederated tribes and granting the President discretion from time to time to cause the whole or a portion of the reservation to be surveyed into lots. By Act of April 23, 1904 (33 Stat. 302), it was directed that plaintiffs’ reservation be surveyed at plaintiffs’ expense. The survey was conducted and the expenditures and disbursements thereof, amounting to $190,399.97, were charged against the receipts from the sales of reservation lands held to be surplus. Defendant asserts that all appropriations and expenditures were made under the Act of April 23,1904, and are lawful and proper.
The Court concludes that the surveying of plaintiffs’ lands under the treaty of 1855 was to have been done at Government expense but that such surveying was never done. The Act of 1904, in requiring that the tribes bear the expense of surveying, violated the provisions of the treaty of 1855, thus taking rights away from plaintiffs. As to paragraph 11 of plaintiffs’ petition, defendant’s motion *407 for summary judgment is denied, plaintiffs’ motion for summary judgment is granted, and judgment is entered for plaintiffs with the amount of recovery to be determined pursuant to Rule 47 (c) (2).